UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME DAVIS, *individually and on behalf of others similarly situated,*<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BROWN GROUP RETAIL, INC., *et al.,*<br><br>　　　　　Defendants.<br>_____/ | Case No. 1: 13-cv-01211-LJO-BAM<br><br>**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

## I.　　INTRODUCTION

Currently before the Court is Plaintiff Jerome Davis's Motion for Leave to File a First Amended Complaint. (Doc. 16.) Defendant Brown Group Retail opposed the motion, and Plaintiff filed a reply brief on July 25, 2014. (Doc. 22, 25.) The Court found the matter suitable for decision without oral argument pursuant to Local rule 230(g), and vacated the hearing set for August 1, 2014. (Doc. 26.)

Having carefully considered the parties' arguments, as well as the entire record in this case, the Court GRANTS Plaintiff's Motion for Leave to File a First Amended Complaint.

## II. BACKGROUND

On June 4, 2013, Jerome Davis, individually and on behalf of others similarly situated ("Plaintiff"), filed a putative class action lawsuit against Defendant Brown Group Retail ("Brown Group") in the California Superior Court for the County of Merced. Doc. 1, attach. 2. On August 2, 2013, Brown Group removed the action to this Court. Doc. 1.

Plaintiff worked for Brown Retail from July 16, 2010 to July 4, 2012. Declaration of Michael Hassen ("Hassen Decl."), attach. 2. Plaintiff alleges Brown Group failed to pay all minimum and overtime wages, pay meal and rest break premiums, issue complete and accurate wage statements, and timely pay all wages during employment and at termination. Declaration of Melissa Grant ("Grant Decl."), ¶ 2, Doc. 16, attach. 1. Plaintiff seeks unpaid wages, damages, and statutory penalties under the California Labor Code, civil penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA"), and restitution and injunctive relief under Business and Professions Code section 17200, e*t seq.* Pl.s' Compl. Doc. 1, Attach. 2.

Plaintiff seeks to amend his Complaint to name Priscilla Humphrey, a current putative class member, as a class representative. Priscilla Humphrey currently works for Brown Group as an assistant manager at one of Brown Group's California retail locations and expressed interest in joining this action in June of 2014. Grant Decl. at ¶ 4. The First Amended Complaint alleges identical claims seeking identical relief as the original complaint, and the First Amended Complaint does not add or otherwise broaden the scope of the original complaint. *Compare,* Doc. 1 attach. 2 *with* Doc. 16, attach. 1. The only meaningful distinction between the original complaint and the First Amended Complaint is Ms. Humphrey's addition as a named plaintiff.

## III. DISCUSSION

Brown Group's opposition to Plaintiff's Motion to Amend primarily is one of fairness. Brown Group argues that through the discovery process, it has demonstrated that Mr. Davis's claims are meritless. As a result, it would be unfair to permit Plaintiff "the proverbial second bite at the apple" with a new class representative. Opp. Br., 4: 18-19, Doc. 22. Brown Group's more specific arguments –allowing amendment would be prejudicial; Plaintiff unduly delayed in seeking amendment; and Mr. Davis lacks standing – all radiate from this core position.

Plaintiff responds that Brown Group's arguments concerning the merits of Plaintiff's claims have little to do with the legal standards governing amendments to the pleadings. Further, Plaintiff notes that there has been no judicial determination on the merits of Plaintiff's claims, and the Court should not just "take [Brown Group's] word" that Plaintiff's claims are meritless. Pl.'s Reply Br., 2: 10-11, Doc. 25.

**A.     Legal Standard**

Plaintiff moves pursuant to Fed. R. Civ. P. 15(a) for leave to file a first amended complaint. Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." In deciding whether to grant leave to amend, a court considers the following factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Of these factors, prejudice to the opposing party "carries the greatest weight." *Eminence Capital LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). All inferences should be drawn "in favor of granting the motion," *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999), and "the nonmoving party bears the burden of demonstrating why leave to amend should not be granted," *Genentech, Inc. v. Abbott Labs*., 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

Brown Group argues the second and third factors – undue delay and prejudice – require the Court to deny Plaintiff's Motion.

**B.     The Factors Considered Under Rule 15(a) Weigh in Favor of Permitting Amendment**

Brown Group does not suggest Plaintiff's Motion was made in bad faith, or that amendment would be futile. Indeed, there is no evidence before the Court suggesting Plaintiff's Motion was made in bad faith or that amendment would be futile. Moreover, it is undisputed Plaintiff has not previously amended his complaint. Therefore, three of the five factors considered under Rule 15(a) weigh in favor of permitting amendment. This is not dispositive of the Court's inquiry, however, because prejudice to the opposing party "carries the greatest weight."[1] *Eminence Capital LLC,* 316 F.3d at 1052.

---

[1] As a practical matter, "undue delay" is baked into the prejudice analysis. By itself, undue delay is insufficient to prevent the Court from granting leave to amend. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1986). Rather, the

3

Brown Group argues that adding Ms. Humphrey as a second class representative would unfairly prejudice them because: (1) amendment would "nullify the investigation and discovery performed by [Brown Group] in this case[;]" (2) Brown Group "will be prejudiced by the burden and cost of the necessary future discovery[;]" and (3) Brown Group "will be required to litigate a new lawsuit that relates back to the filing of the initial state court complaint." Brown Group's Opp. Br., 5: 14-16; 6: 22-23; 7: 17-18.

As to the first argument, Brown Group overstates the impact of the proposed amendment. The Court has compared the proposed first amended complaint with the original complaint, and the only meaningful distinction is the addition of Ms. Humphrey, an undisputed member of the putative class, as a representative plaintiff. Brown Group does not suggest the amendment adds new claims or otherwise expands the scope of the original complaint. All the underlying facts, causes of action, as well as the proposed class definitions, are otherwise identical, and Plaintiff does not seek to assert any claims beyond those that are included in the original complaint. Thus, the class discovery already conducted is equally applicable to the amended complaint.

The only additional discovery that may be required concerns Ms. Humphrey's individual claims, and whether she is a typical and adequate class representative.  Based on the evidence before the Court, this would entail more written discovery and a deposition. Brown Group has ample time to discover this information, and this additional discovery is not prohibitively prejudicial under Rule 15(a).  *See PNY Technologies, Inc . SanDisk Corp.,* 2014 294855 (N.D. Cal. 2014) ("the prospect of additional discovery needed by the non-moving party in itself [does not] constitute a sufficient showing of prejudice.").

---

focus of the undue delay inquiry centers on whether the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment prejudices the opposing party. *See Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 798–99 (9th Cir. 1991) (Denial of leave to amend proper where litigant did not move to amend until "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint." Plaintiff "waited until after discovery was over, just four and a half months before the trial date, before moving to amend its complaint." Defendant would be "unreasonably prejudiced by the addition of numerous new claims so close to trial."); *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 953 (9th Cir. 2006) (fifteen month delay in moving to amend "would have unfairly imposed potentially high, additional litigation costs on [defendant] that could have easily been avoided had [plaintiff] pursued its 'tainted product' theory in its original complaint or reply"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir.1990) (eight month delay in seeking leave to amend, coupled with finding of undue prejudice, warranted denial of leave to amend).

Brown Group's final argument concerning prejudice – that Brown Group "will be required to litigate a new lawsuit that relates back to the filing of the initial state court complaint" -- is also unpersuasive. Essentially, Brown Group argues that Ms. Humphrey should be required to file a new class action, thereby insulating Brown Group from the fourteen months of exposure that accrued while this case was pending.  Brown Group's desire to minimize its exposure is understandable. But Plaintiff's claims remain, and allowing an amended complaint that relates to an original complaint to piggy back on the scope of claims initiated by the original complaint is a basic function of litigation. Brown Group cites no authority, and the Court has found none, that would suggest this circumstance constitutes the type of prejudice contemplated by Rule 15(a). Accordingly, The Court does not find any undue prejudice under these circumstances. *See, e.g., McConnell v. Red Robin Int'l, Inc., Case No*. C11–3026 WHA, 2012 WL 1357616, at *2 (N.D. Cal. Apr.17, 2012) ("This Court is not convinced that the addition of one named class plaintiff, four months before non-expert discovery ends, six months before the deadline for dispositive motions occurs, and nine months before trial is set to begin, will result in the sort of undue prejudice defendant contends is likely to occur.").

Moreover, the Court does not find there is any undue delay in seeking to add a second class representative. Brown Group argues that "Plaintiff's counsel was on notice the day Mr. Davis walked through the door that his claims were suspect." Opp. Br., 9: 4-5. Brown Group suggests in the alternative that Plaintiff's counsel was on notice as of January 15, 2014, when "they saw first-hand how terribly Mr. Davis performed at his deposition." Opp. Br., 9: 25-6. Plaintiff responds he moved to amend as soon as his counsel was contacted by Ms. Humphrey.  Plaintiff also notes that no trial date has been set, class discovery is still open, and Brown Group's opposition to Plaintiff's motion for class certification is three months away.  Pl.'s Reply Br., 6: 20-23.

Brown Group's protestations on the merits of Plaintiff's claims are conclusory and unpersuasive.  Plaintiff continues to believe that he is an adequate representative, and this Court has had no occasion to decide which party has the better position on this issue. Nor is the answer clear from the record before the Court at this time.[2] Brown Group's ability to raise potential issues that

---

[2] Brown Group's evidence consists of deposition testimony that supports Plaintiff's claims, as well as testimony that may possibly contradict such claims.  For example, Brown Group acknowledges that "Mr. Davis testified under oath that he was

might prove problematic to Plaintiff's case does not require Plaintiff to engage immediately in efforts to amend the complaint.[3]

In addition, this case remains at an early procedural stage. Discovery is still open, and Brown Group has ample time to take Ms. Humphrey's deposition and conduct written discovery before briefing on class certification is due.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave to File a First Amendment Complaint.  Plaintiff shall file the First Amended Complaint found at ECF Document 16, Attachment 1, on or before August 8, 2014.

IT IS SO ORDERED.

Dated:   **July 31, 2014**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

---

required to work off the clock each and every time that he closed the store. . . " Brown Group's Opp. Br., 1: 20-21.  Brown Group then argues that alarm records demonstrate Plaintiff was not telling the truth.  *Id* at 23-25. This is just one example of competing evidence on Plaintiff's claims. The Motion before the Court is not one for summary judgment, and the Court will not weigh the evidence here. Whether Plaintiff can substantiate his claims is an issue that will be resolved another day.

[3] Brown Group also argues amendment should be denied because Plaintiff lacks standing.  This argument suffers from the same deficiencies just discussed *supra*.  Brown Group's faith in the strength of its defenses is not a judicial determination on the merits, and the merits of Plaintiff's claims are not at issue here. Moreover, the evidence and argument currently before the Court does not lead to a conclusion that Plaintiff lacks standing.