1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **EASTERN DISTRICT OF CALIFORNIA**

6 **FRESNO DIVISION**

7

| | |
|---|---|
| 8  JEROME DAVIS and PRISCILLA HUMPHREY, etc., et al., | Case No. 1:13-cv-01211-LJO-BAM |
| 9          Plaintiffs, | **FINDINGS AND RECOMMENDATIONS RE: PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| 10 | |
| v. | FOURTEEN DAY DEADLINE OR STATEMENT OF NONOPPOSITION |
| 11 | |
| 12  BROWN SHOE COMPANY, INC., a New York corporation doing business as Famous Footwear, et al., | (Doc. 52) |
| 13 | |
| 14          Defendants. | |

15 ///

16

17 ///

18

19 ///

20

21 ///

22

23 ///

24

25 ///

26

27 ///

28

1
2
3
4
5
6
7

On April 24, 2015, this Court conducted a hearing on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion").  Having considered the Motion, the points and authorities and declarations submitted in support of the Motion (Doc. 52), and the supplemental memorandum of points and authorities and the revised settlement documents (Doc. 62), it is recommended that the Motion for Preliminary Approval of Class Settlement be granted, subject to the following findings and orders:

8
9
10

1.     This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

11
12

2.     For clarity, the term "Defendant" means BG Retail, LLC d/b/a/ Famous Footwear, erroneously sued as Brown Shoe Company, Inc.

13
14
15
16

3.     The Settlement Class shall be conditionally certified for settlement purposes only and shall consist of all persons who are or were employed by Defendant in a non-exempt, hourly-paid position in any of Defendant's California Famous Footwear retail locations from June 4, 2009, until the date of Preliminary Approval.

17
18
19
20
21
22
23
24
25
26
27
28

4.     The class action settlement set forth in the Class Action Settlement Agreement ("Settlement Agreement" or "Settlement"), entered into among the Parties and their counsel, is preliminarily approved as it appears to be proper, to fall within the range of reasonableness, to be the product of arm's-length and informed negotiations, to treat all Class Members fairly, and to be presumptively valid, subject only to any objections that may be raised at or before the final approval hearing. The Court further finds that Plaintiffs' counsel conducted extensive investigation and research, and that they were able to reasonably evaluate Plaintiffs' position and the strengths and weaknesses of their claims and the ability to certify them. Plaintiffs have provided the Court with enough information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the parties have agreed.

5.     The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the action.

6.     The Court preliminarily approves the Settlement Agreement, including all the terms and conditions set forth therein and the Class Settlement Amount and allocation of payments.

7.     The rights of any potential dissenters to the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement and proceed with any alleged claims they may have against Defendant, or they may object to the Settlement and appear before this Court. However, to do so they must follow the procedures outlined in the Settlement Agreement and Notice of Class Action Settlement. Failure to follow the procedures outlined in the Settlement Agreement and Notice of Class Action Settlement for making objections shall result in waiver and the objector shall be forever foreclosed from challenging any of the terms of the Settlement.

8.     By stipulation of the Parties, the Court hereby grants Plaintiffs leave to file their proposed Second Amended Complaint, which adds Jennifer Carrow and Sabrina Rowell as additional named plaintiffs.  Plaintiffs are to file the Second Amended Complaint within two days of this Order.  By stipulation of the Parties, Defendant shall not be required to file a responsive pleading to the Second Amended Complaint, rather, Defendant's Answer to the First Amended Complaint shall be deemed an Answer to the Second Amended Complaint.

9.     The Court approves, as to form and content, the proposed Notice of Class Action Settlement and Claim Form ("Notice Packet"). (Doc. 62. pg. 43).

10.     The Court directs the mailing, by First-Class U.S. mail, of the Notice Packets to Class Members in accordance with the schedule set forth below and the other procedures described in the Settlement Agreement. The Court finds that the method selected for communicating the preliminary approval of the Settlement Agreement to Class Members is the best notice practicable under the circumstances, constitutes due

and sufficient notice to all persons entitled to notice, and thereby satisfies due process.

11.    The Court appoints Jerome Davis, Priscilla Humphrey, Jennifer Carrow, and Sabrina Rowell as the Class Representatives for the Settlement Class conditionally certified by this Order. The Court appoints Capstone Law APC as Class Counsel. The Court finds that counsel have demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Class conditionally certified by this Order.

12.    The Court approves and appoints Simpluris, Inc. as the Claims Administrator, whose fees and expenses shall not exceed $60,000.

13.    The following dates shall govern for purposes of this Settlement:

| Date | Event |
|---|---|
| May 18, 2015 (or not later than 10 calendar days after the Court grants preliminary approval of the Settlement Agreement, if later) | Last day for Defendant to produce the class list to the Claims Administrator. |
| May 28, 2015 (or not later than 10 calendar days after the Defendant produces the class list, if later) | Last day for the Claims Administrator to mail Notice Packets to all Class Members. |
| June 26, 2015 (or not later than 30 calendar days after the Claims Administrator mails the Notice Packets, if later) | Last day for the Claims Administrator to mail postcard reminders to non-responsive Class Members. |
| July 16, 2015 | Last day for Class Counsel to file the Motion for Attorneys' Fees, Costs, and Class Representative Incentive Awards. |
| July 27, 2015 (or not later than 60 calendar days after the Claims Administrator mails the Notice Packets, if later) | Last day for Class Members to mail Claim Forms, Requests for Exclusion, or Objections to the Settlement. |
| August 14, 2015 | Last day for Plaintiffs to file the Motion for Final Approval of Class Action Settlement. |
| September 11, 2015 at 9:00 a.m. | Hearing on Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments. |

1

2     The Court expressly reserves the right to continue or adjourn the final approval

3   hearing for time to time without further notice to the Class Members.

4     These Findings and Recommendations are submitted to the district judge

5   assigned to this action, pursuant to Title 28 of the United States Code section

6   636(b)(1)(B). Within fourteen (14) days of service of this recommendation, any party

7   may file written objections to these findings and recommendations with the Court and

8   serve a copy on all parties.  Such a document should be captioned "Objections to

9   Magistrate Judge's Findings and Recommendations."  The district judge will review the

10  magistrate judge's Findings and Recommendations pursuant to Title 28 of the United

11  States Code section 636(b)(1)(C).  A failure to file objections within the specified time

12  may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F. 3d 834, 839

13  (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F. 2d 1391, 1394 (9th Cir. 1991); *Martinez*

14  *v. YIst*, 951 F. 2d 1153 (9th Cir. 1991).

15

16     ***The parties are advised that if they do not object to this Recommendation, each***

17  ***counsel shall file of a statement of non-opposition, as this will shorten the objection***

18  ***period and facilitate the adjudication of this motion by the District Court Judge.***

19

20  IT IS SO ORDERED.

21     Dated:    **May 7, 2015**                    /s/ *Barbara A. McAuliffe*

22                                           UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28