**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| JEROME DAVIS and PRISCILLA HUMPHREY *et al, individually and on behalf of other similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>BROWN SHOE COMPANY, INC., a New York corporation doing business as Famous Footwear, et al.,<br><br>Defendants. | Case No. 1:13-cv-01211-LJO-BAM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL**<br><br>(Docs. 52 and 63) |

///

///

///

///

///

///

///

On June 4, 2013, Plaintiffs Jerome Davis and Priscilla Humphrey, individually and on behalf of others similarly situated, initiated this class action in the Merced Superior Court alleging various state law wage and hour violations against Defendant Brown Shoe Company, Inc. (Doc. 1, pgs. 2-31). On August 2, 2013, Defendants removed this case to this Court claiming federal jurisdiction is proper pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). (Doc. 1, pg. 1).

On February 20, 2014, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement. (Doc. 52). Defendant filed a Joinder to the Motion on March 9, 2015. (Doc. 54). On April 24, 2015, the Magistrate Judge held a hearing and ordered supplemental briefing and modifications to the preliminary settlement agreement. (Doc. 57). The parties filed the supplemental materials and amendments on May 1, 2015. (Doc. 62).

On May 7, 2015, the Magistrate Judge issued Findings and Recommendations recommending that the Motion for Preliminary Approval of the Class Action Settlement be granted. (Doc. 63). The Findings and Recommendations were served on all of the parties with instructions that any objections must be filed within fourteen (14) days. Both parties have filed statements of non-opposition to the Findings and Recommendations. (Docs. 63 and 64).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and proper analysis. Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations dated May 7, 2015 (Doc. 63), are ADOPTED IN FULL. The Motion for Preliminary Approval of Class Settlement is GRANTED, subject to the following findings and orders:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

2. For clarity, the term "Defendant" means BG Retail, LLC d/b/a/ Famous Footwear, erroneously sued as Brown Shoe Company, Inc.

3. The Settlement Class shall be conditionally certified for settlement purposes only and shall consist of all persons who are or were employed by Defendant in a non-exempt, hourly-paid position in any of Defendant's California Famous Footwear retail locations from June 4, 2009, until the date of Preliminary Approval.

4. The class action settlement set forth in the Class Action Settlement Agreement ("Settlement Agreement" or "Settlement"), entered into among the Parties and their counsel, is preliminarily approved as it appears to be proper, to fall within the range of reasonableness, to be the product of arm's-length and informed negotiations, to treat all Class Members fairly, and to be presumptively valid, subject only to any objections that may be raised at or before the final approval hearing. The Court further finds that Plaintiffs' counsel conducted extensive investigation and research, and that they were able to reasonably evaluate Plaintiffs' position and the strengths and weaknesses of their claims and the ability to certify them. Plaintiffs have provided the Court with enough information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the parties have agreed.

5. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the action.

6. The Court preliminarily approves the Settlement Agreement, including all the terms and conditions set forth therein and the Class Settlement Amount and allocation of payments.

7. The rights of any potential dissenters to the proposed

Settlement are adequately protected in that they may exclude themselves from the Settlement and proceed with any alleged claims they may have against Defendant, or they may object to the Settlement and appear before this Court. However, to do so they must follow the procedures outlined in the Settlement Agreement and Notice of Class Action Settlement. Failure to follow the procedures outlined in the Settlement Agreement and Notice of Class Action Settlement for making objections shall result in waiver and the objector shall be forever foreclosed from challenging any of the terms of the Settlement.

8. By stipulation of the Parties, the Court hereby grants Plaintiffs leave to file their proposed Second Amended Complaint, which adds Jennifer Carrow and Sabrina Rowell as additional named plaintiffs. Plaintiffs are to file the Second Amended Complaint within two days of this Order. (Doc. 62, pgs. 45-75). By stipulation of the Parties, Defendant shall not be required to file a responsive pleading to the Second Amended Complaint, rather, Defendant's Answer to the First Amended Complaint shall be deemed an Answer to the Second Amended Complaint.

9. The Court approves, as to form and content, the proposed Notice of Class Action Settlement and Claim Form ("Notice Packet"). (Doc. 62. pg. 43).

10. The Court directs the mailing, by First-Class U.S. mail, of the Notice Packets to Class Members in accordance with the schedule set forth below and the other procedures described in the Settlement Agreement. The Court finds that the method selected for communicating the preliminary approval of the Settlement Agreement to Class Members is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled to notice, and thereby satisfies due process.

11. The Court appoints Jerome Davis, Priscilla Humphrey, Jennifer Carrow, and Sabrina Rowell as the Class Representatives for the Settlement Class conditionally certified by this Order. The Court appoints Capstone Law APC as Class Counsel. The Court finds that counsel have demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Class conditionally certified by this Order.

12. The Court approves and appoints Simpluris, Inc. as the Claims Administrator, whose fees and expenses shall not exceed $60,000.

13. The following dates shall govern for purposes of this Settlement:

| Date | Event |
| --- | --- |
| May 18, 2015 (or not later than 10 calendar days after the Court grants preliminary approval of the Settlement Agreement, if later) | Last day for Defendant to produce the class list to the Claims Administrator. |
| May 28, 2015 (or not later than 10 calendar days after the Defendant produces the class list, if later) | Last day for the Claims Administrator to mail Notice Packets to all Class Members. |
| June 26, 2015 (or not later than 30 calendar days after the Claims Administrator mails the Notice Packets, if later) | Last day for the Claims Administrator to mail postcard reminders to non-responsive Class Members. |
| July 16, 2015 | Last day for Class Counsel to file the Motion for Attorneys' Fees, Costs, and Class Representative Incentive Awards. |
| July 27, 2015 (or not later than 60 calendar days after the Claims Administrator mails the Notice Packets, if later) | Last day for Class Members to mail Claim Forms, Requests for Exclusion, or Objections to the Settlement. |
| August 14, 2015 | Last day for Plaintiffs to file the Motion for Final Approval of Class Action Settlement. |
| September 11, 2015 at 9:00 a.m., in Courtroom 8, before Magistrate Judge Barbara A. McAuliffe | Hearing on Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments. |

The Court expressly reserves the right to continue or adjourn the final approval hearing for time to time without further notice to the Class Members.

IT IS SO ORDERED.

    Dated: __**May 11, 2015**__            ___**/s/ Lawrence J. O'Neill**___
                                                                       UNITED STATES DISTRICT JUDGE